### 155

Manuel Marques
vs.                } W.C.A.Pet.No.7132
River Spinning Company

April 25, 1918

BARROWS, J. Heard (a) on employer's petition to review the existing agreement for compensation. The basis of this petition is that the incapacity has ceased. (b) On employee's petition for commutation of future payments.

Petitioner was badly burned about the breast and upper arms on March 29, 1917. He received $6.60 per week on the basis of total incapacity until April 3, 1918. He has neither done nor tried to do any work since the accident. The burns are now healed, leaving numerous scars. The scar tissue in no instance has adhered to the muscles or impaired the use of the muscles. He has a cicatricial band in the region of the left armpit which does not possess the elasticity of the normal skin and therefore hampers his freedom of motion of the arm when he attempts to raise it over his head. The arm can be raised at least half, and perhaps two-thirds, of its normal limit without inconvenience or pain. It can be pushed still further up ,although during such action, from appearances, the patient either has or fears that he will have pain. The motion of his right arm is in no wise restricted by the scar tissue. There is a weakness, however, in his right index finger which one doctor believes due to a pressure of the arm scar on the right ulna nerve. The doctor terms this "pressure paralysis." The power of the right hand is impaired by reason of this. The four doctors who testified are not agreed whether the scar tissue will soften or stiffen with work, and it is, therefore, a problem whether work wil result in greater or less limitation of left arm motion.

The Court examined the man's chest and arms in the presence of

counsel and doctors. It observed his actions in taking off his outer garments and underclothing, and his

**156**

movements during the examination. All the doctors agreed that the man can and ought to take some exercise to keep in condition; that he ought not to sit around the house as he has done during the past year. His work at the time of the accident consisted of pushing cotton in small quantities into keirs, either with his hands or a fork. It was not heavy work and did not call for using the hands above the head. In our opinion, petitioner probably would be able now to do such work. His employer, however, does not wish to re-employ him, saying that it does not desire any more Portuggese help and that work is now slack.

We are satisfied that petitioner is not able to do ordinary manual labor as well as prior to the accident. He is not an ordinary workman in any branch of the labor market. His capacity is what one case called an "odd lot." Probably he could so some light work, although it is impossible to say what work. He has made no effort to do any work and his former employer will give him no chance to try to work at his former occupation.

We cannot adopt the claim of the employer that we must find a total recovery because we believe he could do the work which he formerly did. On the other hand this Court has held, in Epstathion vs. Costello, W. C. A. Pet .No. 153, citing Cardiff Corporation vs. Hall, 4 B. W. C. C. 159, that where a laborer is left in this plight it is necessary for the employer to show some kind of work which the employee may do and can have a chance to try to do, before the Court can hold that the incapacity has ceased. Such a rule laid down by the Presiding Justice, we feel should be followed in the interests of

uniformity as well as by reason of its fundamental soundness.

We therefore find that the employer has failed to show to what extent the incapacity has become partial and the petition to review the existing agreemnt is denied without prejudice to further application for review if the circumstances are altered.

Under the conditions it is evident that commutation would be improper at this time.

For Petitioner: Peter J. Quinn.
For Respondent: Boss & Barnefield.